UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIRGINIA BATEMAN

VERSUS

TOYS "R" US – DELAWARE, INC.
ET AL.

CIVIL ACTION

NO. 17-21-JJB-EWD

**NOTICE AND ORDER**

This is a civil action involving claims for damages as a result of injuries sustained by Plaintiff, Virginia Batemen, from a slip and fall accident on or about March 12, 2016. The matter was removed by defendants, Toys "R" Us – Delaware, Inc. and Toys "R" Us Property Company II, LLC (collectively, "Defendants"), to this court on January 11, 2017 from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] In her Petition for Damages, Plaintiff alleges she sustained physical injuries including a fractured hip as well as "humiliation, embarrassment, fright, nervousness, insecurity, worry, and solace"[2] as a result of the accident. Plaintiff seeks to recover the following damages: compensatory damages, past and future medical expenses, past and future pain and suffering, past and future emotional distress, hedonic damages, compensation for loss of enjoyment of life, and mental anguish.[3]

On January 20, 2017, this court *sua sponte* raised the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.[4] This court ordered Defendants to file a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met. This court further ordered that Plaintiff file a

---

[1] R. Doc. 1.
[2] R. Doc. 1-2, ¶ 15.
[3] R. Doc. 1-2, ¶ 16.
[4] R. Doc. 4.

1

memorandum and supporting evidence concerning the court's subject matter jurisdiction following the filing of Defendants' memorandum and evidence.[5]

On January 30, 2017, Defendants filed their Memorandum Regarding the Amount in Controversy.[6] Therein, Defendants maintain that it is facially apparent that Plaintiff claims an amount in controversy in excess of $75,000 and points out that Plaintiff "claims injury to 3 specific parts of her body and claims injuries to other non-identified parts as well."[7] Defendants further argue that Plaintiff did not allege that her claim is less than the jurisdictional threshold pursuant to La. CCP art. 893(A)(1), and that counsel for Plaintiff previously advised that Plaintiff "could not agree to a stipulation that the amount in controversy was less than $75,000."[8]

On February 7, 2017, Plaintiff filed her Memorandum Regarding the Amount in Controversy.[9] Plaintiff contends that "the amount in controversy is currently ambiguous and this matter should be remanded to the Louisiana 19th Judicial District Court."[10] Plaintiff asserts that she has "only incurred $9,867.00 in medical expenses" to date, and that while she "will likely need future medical treatment…the extent is unknown at this time."[11] Plaintiff further asserts that at the time of removal, she had made no claim for lost wages or any other special damages, and that despite the allegations in her Petition, she "has not suffered a fractured hip and that fact was inadvertently included in Plaintiff's original Petition."[12] Plaintiff asserts that "[i]n short, the extent and severity of plaintiff's injuries and damages, as of the time of removal, remain ambiguous. As

---

[5] R. Doc. 4.
[6] R. Doc. 7.
[7] R. Doc. 7, p. 6.
[8] R. Doc. 7, p. 6.
[9] R. Doc. 10.
[10] R. Doc. 10, p. 2.
[11] R. Doc. 10, p. 3.
[12] R. Doc. 10, p. 3.

such, this matter should be remanded…."[13]   Despite Plaintiff's contention that this matter should be remanded, Plaintiff has not filed a Motion to Remand.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file any Motion to Remand regarding this court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within twenty-one (21) days of this Notice and Order.

In light of the potential Motion to Remand, the court finds there is good cause for delay in entering a scheduling order in this matter.

Signed in Baton Rouge, Louisiana, on March 13, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 10, p. 3.