UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIRGINIA BATEMAN

                                                            CIVIL ACTION

VERSUS

                                                            NO. 17-21-JJB-EWD

TOYS "R" US – DELAWARE, INC.
ET AL.

## <u>NOTICE</u>

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Signed in Baton Rouge, Louisiana, on July 26, 2017.


              **ERIN WILDER-DOOMES**
              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIRGINIA BATEMAN

                                          CIVIL ACTION

VERSUS

                                          NO. 17-21-JJB-EWD

TOYS "R" US – DELAWARE, INC.
ET AL.

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by Plaintiff, Virginia Bateman ("Plaintiff"). Defendants, Toys "R" Us-Delaware, Inc. and Toys "R" Us Property Company II, LLC (collectively, "Defendants") have filed an opposition.[2]  For the reasons set forth herein, the undersigned recommends[3] that the Motion to Remand be **DENIED**.

In the event this report is adopted and Plaintiff's Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.[4]

### I.    Background

This is a civil action involving claims for damages as a result of injuries sustained by Plaintiff from a slip and fall accident on or about March 12, 2016.  The matter was removed by Defendants to this court on January 11, 2017 pursuant to 28 U.S.C. § 1332.[5]

---

[1] R. Doc. 17.

[2] R. Doc. 18.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] On March 8, 2017, the parties submitted a Joint Status Report setting forth, *inter alia*, a proposed scheduling order. R. Doc. 14.  However, no scheduling order was put in place in order to permit resolution of the Motion to Remand.

[5] R. Doc. 1.

In her Petition for Damages, Plaintiff alleged that she had "visited several doctors since the accident for injuries to her right knee and back,"[6] and that she sustained physical injuries including a fractured hip[7] as a result of the accident. Plaintiff seeks to recover compensatory damages, as well as damages for past and future medical expenses, past and future pain and suffering, past and future emotional distress, hedonic damages, loss of enjoyment of life, and mental anguish.[8]

On January 20, 2017, this court *sua sponte* raised the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement was met, and ordered the parties to submit additional memoranda and evidence regarding the amount in controversy.[9] On January 30, 2017, Defendants filed their Memorandum Regarding the Amount in Controversy.[10] Therein, Defendants maintained that it is facially apparent that Plaintiff claims an amount in controversy in excess of $75,000 and pointed out that Plaintiff "claims injury to 3 specific parts of her body and claims injuries to other non-identified parts as well."[11] Defendants further argued that Plaintiff did not allege that her claim is less than the jurisdictional threshold pursuant to La. CCP art. 893(A)(1), and that counsel for Plaintiff previously advised that Plaintiff "could not agree to a stipulation that the amount in controversy was less than $75,000."[12]

On February 7, 2017, Plaintiff filed a Memorandum Regarding the Amount in Controversy.[13] Therein, Plaintiff asserted that "the amount in controversy is currently ambiguous

---

[6] R. Doc. 1-2, ¶ 9.

[7] R. Doc. 1-2, ¶ 15.

[8] R. Doc. 1-2, ¶ 16.

[9] R. Doc. 4.

[10] R. Doc. 7.

[11] R. Doc. 7, p. 6.

[12] R. Doc. 7, p. 6.

[13] R. Doc. 10.

and this matter should be remanded to the Louisiana 19th Judicial District Court."[14]  Plaintiff asserted that she has "only incurred $9,867.00 in medical expenses" to date, and that while she "will likely need future medical treatment…the extent is unknown at this time."[15]  Plaintiff further asserted that at the time of removal, she had made no claim for lost wages or any other special damages, and that despite the allegations in her Petition, she "has not suffered a fractured hip and that fact was inadvertently included in Plaintiff's original Petition."[16]  Based on the assertions set forth in Plaintiff's Memorandum Regarding the Amount in Controversy, Plaintiff was ordered to file a Motion to Remand.[17]  Plaintiff filed the instant Motion on March 30, 2017.[18]

## II.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th

---

[14] R. Doc. 10, p. 2.

[15] R. Doc. 10, p. 3.

[16] R. Doc. 10, p. 3.

[17] R. Doc. 16.

[18] R. Doc. 17.

Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See*, 28 U.S.C. § 1447(c).

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.  La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  The defendant may make the requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.

Despite Defendants' assertion to the contrary, it is not facially apparent from the Petition that the Plaintiff's claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs.  Plaintiff alleges broad categories of damage, including "mental anguish, grief and suffering;" medical expenses; "various physical injuries;" and "humiliation, embarrassment, fright, nervousness, insecurity, worry, [and] solace."[19]  The Petition does not provide any facts for determining the severity of the injuries other than the unsupported categories of damages alleged.[20]  "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not

---

[19] R. Doc. 7-1, ¶ 15.

[20] While the Petition alleges that Plaintiff sustained a fractured hip, such allegation was apparently "inadvertently" included in Plaintiff's Petition.

'facially apparent' that the amount of damages would exceed $75,000." *Broadway v. Wal-Mart Stores, Inc.*, Civ.A 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).  Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the state court Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Defendants have met their burden of proving, through summary judgment type evidence, that the amount in controversy in this case is likely to exceed $75,000.  Defendants argue that three factors support federal subject matter jurisdiction here.  First, Defendants assert that "[p]ursuant to La. C.C.P. art. 893(A)(1), when a claim is for less than the requisite amount for the exercise of federal jurisdiction, the plaintiff is *required* to so allege in the petition.  Here, the Plaintiff's petition failed to include an allegation asserting that her claims are less than the requisite amount for diversity jurisdiction. This creates a 'strong presumption' in favor of federal court jurisdiction."[21]  Second, Defendants contend that in a telephone conversation, Plaintiff's counsel "advised that [Plaintiff] could not agree to a stipulation that the amount in controversy was less than $75,000."[22]  Finally, Defendants attach Plaintiff's medical records showing that Plaintiff underwent a total knee replacement surgery in August 2016, as well as lumbar epidural steroid injections on October 27, 2016 and January 14, 2016, lumbar medial branch blocks on January 12, 2017, and a lumbar radiofrequency ablation procedure on January 30, 2017.[23]  Defendants assert that while Defendants do not currently "have the bills from the hospital for the [knee] surgery," "Plaintiff's medical billed [sic]

---

[21] R. Doc. 18, p. 4.

[22] R. Doc. 18, p. 6.

[23] R. Doc. 18, p. 7.

at issue now exceed $20,000" and that Plaintiff's medical expenses "may even be significantly higher once the knee surgery bills are located."[24]

Louisiana Code of Civil Procedure article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."  This court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy." *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007).  *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007) ("Furthermore, the plaintiff does not include any allegation in its petition, as required by Louisiana Code of Civil

---

[24] R. Doc. 18, p. 7.  Defendants clarify that "Dr. Loup's surgery bill is part of the previously claimed expenses from Baton Rouge Orthopedic.  At this time we still do not have the bills from the hospital for the surgery."  In her January 7, 2017 Memorandum Regarding the Amount in Controversy, Plaintiff asserted "[a]t this time the Plaintiff has only incurred $9,867.00 in medical expenses."  R. Doc. 10, p. 3.  Bills attached to Plaintiff's Memorandum spanned the date range of April 2016 through November 2016.  R. Doc. 10-1.  In Plaintiff's March 30, 2017 Motion to Remand, Plaintiff also asserted that "[a]t this time Plaintiff has only incurred $9,867.00 in medical expenses."  R. Doc. 17-1, p. 3.  Plaintiff attached the same set of medical bills in support of the Motion to Remand.  R. Doc. 17-1.  In Opposition to the Motion to Remand, Defendants attach medical bills showing additional medical charges from November 2016 through March 2017.  R. Doc. 18-1.  Adding these additional charges yields a total of $18,277.00.  While the medical bills thus far presented do not appear to "exceed $20,000" as asserted by Defendants, these bills do reflect ongoing and continuous treatment.  Further, while the $9,867.00 amount cited by Plaintiff is for treatment during a seven and a half month period, the following three and half month period independently yielded medical bills almost double that amount.

Procedure article 893(A)(1), that its damages were less than the requisite amount to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.").

Similarly, this court has found that it "may consider the Plaintiff's refusal to sign the stipulation [that the amount in controversy was less than $75,000] as a factor in determining whether Defendant has met its burden of proof." *Cage v. Hobby Lobby Stores, Inc.*, Civil Action No. 14-58, 2015 WL 803120, at * 4 (M.D. La. Feb. 25, 2015) (citing *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at * 5 (W.D. La. Feb. 4, 2014)). *See also*, *Riley v. Southern Fidelity Ins. Co.*, Civil Action No. 11-1482, 2011 WL 3567515, at * 5 (E.D. La. Aug. 12, 2011) ("'[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden' regarding the amount in controversy.") (citing *Meza v. Best Western International, Inc.*, Civil Action No. 10-2623, 2010 WL 5146524, at * 2 n. 3 (E.D. La. Dec. 8, 2010) & *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006)). Plaintiff has not contested Defendants' repeated assertion that she would not agree to a stipulation that the amount in controversy was less than $75,000.

Finally, Defendants' submission of medical records showing Plaintiff underwent a total knee replacement surgery, especially when considered in conjunction with Plaintiff's other medical procedures involving her back, support a finding that the jurisdictional threshold is met. *See*, *Cupit v. Wal-Mart Stores, Inc.*, Civil Action No. 10-668, 2011 WL 1258350, at * 6 (M.D. La. March 10, 2011) (finding "plaintiff's allegations in her original complaint [stating] that she suffered severe injuries resulting in reconstructive surgery to her knee and that she has been recommended for total knee replacement…put defendant on notice that the amount in controversy exceeded $75,000."). *See also*, *Reeves v. Louisiana Transp., Inc.*, 2:14-CV-2379, 2014 WL

5425556, at * 3 (W.D. La. Oct. 22, 2014) ("we find that the defendants have carried their burden of showing by a preponderance of the evidence that the amount in controversy is met.  First the record shows that the plaintiff has undergone a total knee replacement to his right knee, the same limb which he alleges was injured in the accident.  Second in their Notice of Removal the defendants direct our attention to three cases in which knee replacement surgeries have resulted in damage awards of well over $75,000.").

Based on the above considerations, Defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  However, even where a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that her recovery will not exceed the jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint.").  Plaintiff has produced no evidence to show that it is legally certain that her damages will not exceed the jurisdictional amount.  Instead, Plaintiff contends that "the extent and severity of plaintiff's injuries and damages, as of the time of removal, remain ambiguous."[25]

### III.   Conclusion

For the reasons set forth herein, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[25] R. Doc. 17-1, p. 3.

9

## RECOMMENDATION

It is the recommendation of the magistrate judge that Motion to Remand[26] filed by Plaintiff, Virginia Bateman ("Plaintiff") be **DENIED**.

In the event this report is adopted and Plaintiff's Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on July 26, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 17.